FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0323

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0323

TRAVIS LEE OWENS,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,

Respondent.

FILED

JUN 2 7 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Travis Lee Owens petitions this Court for habeas corpus relief, contending that his sentence is longer than the law allows, making his incarceration illegal. Owens requests a reduction of his sentence or a remand of his underlying proceeding to the District Court.

Owens includes a copy of the January 11, 2023 minute entry, which states that the Lewis and Clark County District Court sentenced Owens to the DOC for six and a half years. Owens states that his "6.5 year commitment to [the DOC] violates [§] 46-18-201(3)(a)(iv)(A)[, MCA]" because the first five years of a commitment to the Department of Corrections (DOC) "must be suspended." He adds that his "original sentence was 6.5 years" to the Montana State Prison (MSP).

We secured copies of the relevant sentencing judgments. On March 23, 2022, Owens appeared with counsel for a change of plea hearing. Owens pleaded guilty to the amended charge of felony criminal endangerment, pursuant to a plea agreement, and waived his right to a pre-sentence investigation report. The District Court sentenced Owens to MSP for a term of six and a half years, with all time suspended and credit for time served of 259 days.

On August 31, 2022, Owens appeared with counsel to answer to the alleged violations in the Report of Violation concerning his probationary term. The District Court revoked his suspended sentence. The court held a sentencing hearing on January 11, 2023, and committed Owens to the DOC for a term of six and a half years with none suspended, as

reflected in the minute entry. The District Court awarded credit for 259 days of time served as well as 30 days of elapsed time.

Owens is mistaken in his argument because the District Court sentenced him upon revocation, pursuant to § 46-18-203, MCA, not under § 46-18-201, MCA. Section 46-18-203(7)(a)(iii), MCA, provides that when "the judge finds that the offender has violated the terms and conditions of the suspended . . . sentence and the violation is not a compliance violation, the judge may[] . . . revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence[.]" Here, the District Court revoked Owens's prison term of a suspended six and a half years and imposed a DOC term of an unsuspended six and a half years. The sentence upon revocation does not impose a longer term and is valid under Montana law.

Owens has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Owens is not entitled to a reduction of his sentence or a remand. Owens is precluded under Montana law from challenging his sentence upon revocation through this remedy. Section 46-22-101(2), MCA.

IT IS THEREFORE ORDERED that Owens's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Travis Lee Owens personally.

DATED this 27 day of June, 2023.

_____
Chief Justice

_____

2

_____

_____

_____
Justices

3